United States District Court
Southern District of New York

|  |  |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated, | } |
|  | } Civil Action No.        1:16 Civ 9496 |
| Plaintiffs, | } |
| - against - | } **ANSWER WITH COUNTER CLAIM, CROSS-CLAIM and JURY DEMAND** |
| 132 NINTH AVENUE LIMITED LIABILITY COMPANY and DLP GROUP, LLC, | } |
| Defendants. | } |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Defendant and Cross-Claimant 132 NINTH AVENUE LIMITED LIABILITY COMPANY ("132 NINTH" or "Defendant"), by its attorneys FISCHMAN & FISCHMAN, files this Answer to EDWIN ZAYAS's Complaint ("Complaint") and cross-claims against Defendant DLP GROUP, LLC ("DLP"):

**ANSWER**

Defendant specifically denies any and all allegations contained in headings, or unnumbered paragraphs in the Complaint to the extent that any allegations exist therein:

1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

2.      Paragraph 2 of the Complaint does not contain any factual allegations

which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

3.      Paragraph 3 of the Complaint does not contain any factual allegations which can be admitted or denied.

4.      Defendant lacks sufficient information to admit or deny the truth of the factual allegations in ¶4 of the Complaint.

5.      Paragraph 5 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

6.      Paragraph 6 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶6 contains any allegation that Defendant violated any law, such allegation is denied.

7.      Paragraph 7 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

8.      Paragraph 8 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

9.      Defendant denies the allegations contained in ¶9 of the Complaint that Defendant is a "domestic business corporation company" and refers this Court to the filings made with the New York State Department of State, Division of Corporations.

10.      Defendant denies the allegations contained in ¶10 of the Complaint and refers this Court to the deed filings maintained by the Office of the City Register of the City of New York.

11.      Defendant lacks sufficient information to admit or deny the truth of the factual allegations in ¶11 of the Complaint.

12.      Paragraph 12 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and conclusions concerning the actual motivation of the plaintiff and his attorney in commencing the instant class action, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

13.      Paragraph 13 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the

interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

14.     Paragraph 14 of the Complaint does not contain any factual allegations which can be admitted or denied.

15.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the factual allegations in ¶15 of the Complaint.

16.     Paragraph 16 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

17.     Paragraph 17 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

18.     Paragraph 18 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

19.      Paragraph 19 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

20.      Paragraph 20 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

21.      Paragraph 21 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

22.      Paragraph 22 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

23.      Paragraph 23 of the Complaint does not contain any factual allegations

which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

24.     Paragraph 24 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent that any factual matter exists, Defendant denies such in its entirety.

25.      Defendant lacks knowledge or sufficient information to admit or deny the truth of the factual allegations in ¶25 of the Complaint.

26.     Defendant admits the allegations contained in ¶26 of the Complaint.

27.     Defendant admits the allegations contained in ¶27 of the Complaint.

28.      Defendant lacks knowledge or sufficient information to admit or deny the truth of the factual allegations in ¶28 of the Complaint.

29.     Defendant knowledge or sufficient information to admit or deny the truth of the factual allegations in ¶29 of the Complaint.

30.     Defendant knowledge or sufficient information to admit or deny the truth of the factual allegations in ¶30 of the Complaint, and denies the existence of barriers alluded to in said paragraph.

31.     Defendant knowledge or sufficient information to admit or deny the

truth of the factual allegations in ¶31 of the Complaint, and denies the allegation relating to accessability and usability alluded to in said paragraph.

32.      Defendant denies knowledge or information sufficient to form a belief as to whether any architectural barriers exist, or that removal of said barriers are readily achievable.

33.      Defendant denies that it failed to remove any architectural barriers which removal is/was readily achievable under any applicable statute.

**As to Violations of the Americans with Disabilities Act**

34.      Paragraph 34 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

35.      Defendant denies the allegations contained in ¶35 of the Complaint.

36.      Paragraph 36 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent said paragraph contains any factual allegation Defendant denies same.

37.      Defendant denies the allegations contained in ¶37 of the Complaint.

38.      Defendant denies the allegations contained in ¶38 of the Complaint.

39.      Defendant denies the allegations contained in ¶39 of the Complaint.

40.      Paragraph 40 of the Complaint contains an irrelevant speculation about the possibility of removing architectural barriers, of which Defendant lacks knowledge or sufficient information to admit or deny.

41.      Defendant denies the allegations contained in ¶41 of the Complaint.

42.      Paragraph 42 of the Complaint contains a vague opinion about the practicality of accessability of which Defendant knowledge or sufficient information to respond.

43.      Defendant denies the allegations contained in ¶43 of the Complaint.

44.      Defendant denies the allegations contained in ¶44 of the Complaint.

45.      Defendant denies the allegations contained in ¶45 (a) through (h) of the Complaint.

46.      Defendant denies the allegations contained in ¶46 of the Complaint.

47.      Defendant denies the allegations contained in ¶47 of the Complaint.

48.      Defendant denies the allegations contained in ¶48 of the Complaint.

49.      Defendant denies the allegations contained in ¶49 of the Complaint.

50.      Defendant denies the allegations contained in ¶50 of the Complaint.

51.      Defendant denies the allegations contained in ¶51 of the Complaint.

52.      Defendant denies the allegations contained in ¶52 of the Complaint.

53.      Defendant denies the allegations contained in ¶53 of the Complaint.

54.      Defendant denies the allegations contained in ¶54 of the Complaint.

55.      Defendant denies the allegations contained in ¶55 of the Complaint.

56.     Paragraph 56 of the Complaint is a vague opinionated statement to which Defendant cannot respond.

57.     Paragraph 57 of the Complaint is a vague opinionated statement to which Defendant cannot respond.

**As to Violations of New York State Human Rights Law**

58.     Defendant realleges and incorporates by this reference all of the allegations set forth in this Answer as if fully set forth herein.

59.     Paragraph 59 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

60.     Defendant denies the allegations contained in ¶60 of the Complaint.

61.     Defendant denies the allegations contained in ¶61 of the Complaint.

62.     Defendant denies the allegations contained in ¶62 of the Complaint.

63.     Defendant denies the allegations contained in ¶63 of the Complaint.

64.     Defendant denies the allegations contained in ¶64 of the Complaint.

65.     Defendant denies the allegations contained in ¶65 of the Complaint.

66.     Defendant denies the allegations contained in ¶66 of the Complaint.

**As to Violations of New York State Civil Rights Law**

67.     Defendant realleges and incorporates by this reference all of the allegations set forth in this Answer as if fully set forth herein.

68.     Defendant denies the allegations contained in ¶68 of the Complaint.

69.     Paragraph 69 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶69 contains any factual allegations, they are denied.

70.     Paragraph 70 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶70 contains any factual allegations, they are denied.

71.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations in ¶71 of the Complaint.

**As Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4)**

72.     Defendant realleges and incorporates by this reference all of the allegations set forth in this Answer as if fully set forth herein.

73.     Paragraph 73 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. .

74.     Paragraph 74 of the Complaint does not contain any factual allegations

which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶74 contains any factual allegations, they are denied.

75.     Paragraph 75 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶75 contains any factual allegations, they are denied.

76.     Paragraph 76 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶76 contains any factual allegations, they are denied.

77.     Paragraph 77 of the Complaint does not contain any factual allegations which can be admitted or denied, and contains allegations which calls for conclusions of law, and Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein. To the extent ¶77 contains any factual allegations, they are denied.

78.     Defendant lacks knowledge or sufficient information to admit or deny the truth of the allegations in ¶78 of the Complaint.

79.     Defendant denies the allegations contained in ¶79 of the Complaint.

**As to Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15)**

80.     Defendant realleges and incorporates by this reference all of the allegations set forth in this Answer as if fully set forth herein.

81.     Defendant denies the allegations contained in ¶81 of the Complaint.

82.     Defendant denies the allegations contained in ¶82 of the Complaint.

83.     Defendant denies the allegations contained in ¶83 of the Complaint.

84.     Defendant denies the allegations contained in ¶84 of the Complaint.

85.     Defendant denies the allegations contained in ¶85 of the Complaint.

86.     Defendant denies the allegations contained in ¶86 of the Complaint.

87.     Defendant denies the allegations contained in ¶87 of the Complaint.

88.     Defendant denies the allegations contained in ¶88 of the Complaint.

**As to Declaratory Relief**

89.     Defendant realleges and incorporates by this reference all of the allegations set forth in this Answer as if fully set forth herein.

90.     Defendant denies the allegations contained in ¶90 of the Complaint and respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

91.     Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES

92.     Without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following affirmative defenses. Defendant intends and specifically reserves the right to rely upon any additional defenses that become available or apparent while this action is pending and reserves the right to amend this answer in order to otherwise assert any such further defenses.

## FIRST DEFENSE

93.     The allegations in the Complaint fail to state a claim for which relief may be had.

## SECOND DEFENSE

94.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the applicable statute of limitations including the New York Executive Law § 297(5) and the New York City Administrative Code Chapter 5 § 8-502.

## THIRD DEFENSE

95.     The allegations in the Complaint must be dismissed by reason of plaintiffs failure to comply with one or more conditions precedent to filing the within lawsuit.

## FOURTH DEFENSE

96.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred in whole or part because any modifications do not trigger the "alteration" legal standard.

97.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred because, to the extent architectural barriers alleged by the Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the removal of such barriers is virtually impossible.

## FIFTH DEFENSE

98.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred because any alterations made to the Premises are sufficient in that they satisfy the "to the maximum extent feasible" standard to the extent applicable.

## SIXTH DEFENSE

99.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated,  are barred because, to the extent architectural barriers alleged by Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the modification of such barriers is not readily achievable.

## SEVENTH DEFENSE

100.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred in whole or part because architectural barriers in the Premises have been removed sufficient to satisfy the "readily achievable" standard to the extent applicable.

## EIGHTH DEFENSE

101.      The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Defendant.

## NINTH DEFENSE

102.      To the extent Defendant is determined to be liable, it is entitled to contribution from Defendant DLP GROUP, LLC based on its actions, inactions, negligence, recklessness and/or other conduct, including but not limited to it actions alleged in Plaintiff's Complaint.

*Page 15*

## TENTH DEFENSE

103.     Plaintiffs claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated,  are barred because, to the extent architectural barriers alleged by Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the barriers are *de minimis* and/or are within conventional building industry tolerances.

## ELEVENTH DEFENSE

104.     Any auxiliary aids and services alleged to be required would constitute an undue burden as defined in the Treasury Regulations as "significant difficulty or expense" and is not required.

## TWELFTH DEFENSE

105.     The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Defendant.

## THIRTEENTH DEFENSE

106.     Plaintiff's claims against Defendant, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated,  are barred because Defendant has complied with all applicable regulations of the federal, state and city governments.

## FOURTEENTH DEFENSE

107.      Plaintiff fails to allege facts or a cause of action against Defendant sufficient to support a claim for attorneys' fees.

108.      Plaintiff is not entitled to damages or attorney's fees because Plaintiff acted in bad faith by failing to give Defendant notice of alleged violations prior to filing lawsuit, when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## FIFTEENTH DEFENSE

109.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated,  are barred in whole or part pursuant to 28 C.F.R. § 36.403(f) in that any alleged alteration required to conform is disproportionate to the overall alteration, if any.

## SIXTEENTH DEFENSE

110.      The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

111.      Plaintiff is not entitled to injunctive relief because he has failed to show an injury-in-fact or a threat of real and immediate harm.

# EIGHTEENTH DEFENSE

112.    The Complaint must be dismissed because Plaintiff has not shown, and does not have, a good faith intent to return to the subject property and patronize its facilities.

113.    This is the twelfth ADA case brought by the Plaintiff (represented by the same attorney) in the Southern District of New York since January 2016.

114.    Upon information and belief, the Plaintiff lacks standing as he is a serial ADA litigant who has and continues to pursue a course of litigation instituted without sufficient grounds and serving only to cause annoyance and expense to this and other similarly situated defendants for the purpose of recovery attorney's fees under the ADA.

115.    As of the present day, the Plaintiff has instituted in the SDNY the following cases:

| | | | |
|---|---|---|---|
| 1:15-cv-07611-ER | Zayas v. Western Beef Retail, Inc. | filed 09/25/15 | closed 04/21/16 |
| 1:16-cv-04175-PGG | Zayas v. 136 Ninth Avenue Corp. et al | filed 06/05/16 | closed 10/20/16 |
| 1:16-cv-04176-GBD | Zayas v. 144 Ninth Gotham Pizza, Inc. et al | filed 06/05/16 | |
| 1:16-cv-04177-GHW | Zayas v. 364 West 19th Street, LLC et al | filed 06/05/16 | |
| 1:16-cv-06763-LTS | Zayas v. Rosington Corp. et al | filed 08/27/16 | |

| | | | |
|---|---|---|---|
| 1:16-cv-06781-GBD | Zayas v. DT Hospitality Group Inc. et al | filed | 08/29/16 |
| 1:16-cv-06811-ER | Zayas v. York & Georgey, Inc. et al | filed | 08/30/16 |
| 1:16-cv-08028-GHW | Zayas v. BEC Foods, LLC | filed | 10/13/16 |
| 1:16-cv-09306-KBF | Zayas v. 301 W 17 LLC et al | filed | 12/01/16 |
| 1:16-cv-09307-LAP | Zayas v. 246-18 Realty, LLC et al | filed | 12/01/16 |
| 1:16-cv-09308-PAE | Zayas v. 110 Ninth Avenue Corp. et al | filed | 12/01/16 |
| 1:16-cv-09493-WHP | Zayas v. Hua Da Inc et al | filed | 12/08/16 |
| 1:16-cv-09496-KPF | Zayas v. 132 Ninth Avenue Limited Liability Company et al | filed | 12/08/16 |
| 1:16-cv-09939-PKC | Zayas v. Vesdel Food's Inc et al | filed | 12/26/16 |

## NINETEENTH DEFENSE

116.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, as Plaintiff is not an adequate representative of the proposed class, and there are no others similarly situated as Plaintiff.

## COUNTERCLAIM

117.     Defendant has retained the Law Offices of Fischman & Fischman, and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. §1927, 42 U.S.C. §12205 and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

## RESERVATION OF ADDITIONAL DEFENSES

118.     Defendant reserves the right to allege additional defenses as they become known during discovery and to amend its answer accordingly.

## CROSS-CLAIM AGAINST CO-DEFENDANT DLP GROUP, LLC

119.     Defendant DLP entered into a Lease with the Defendant 132 NINTH (the "Lease") for the storefront located at 2783 Broadway, New York, New York, which is the subject of this action (the "Premises").

120.     The Defendant  132 NINTH    is in compliance with all obligations thereunder, and the Lease remains in full force and effect as of the date hereof.

121.     In connection with the Lease, the Defendant DLP performed certain work to generally prepare the Premises for operation of its business (the "Tenant's Work"). In connection with the Tenant's Work, DLP was responsible for ensuring

that the Premises complied with certain specified legal requirements, including inter alia those required under the Americans with Disabilities Act, if applicable.

122.     In accordance with the Lease, Defendant DLP agreed to indemnify and hold Defendant  132 NINTH   harmless from and against claims arising out of certain acts and omissions by the Defendant DLP, including inter alia those that relate to the Tenant's Work and operation of DLP's business at the Premises. In addition, pursuant to the Lease, the Defendant DLP agreed to provide a defense to 132 NINTH    against any such action or proceeding.

123.     Pursuant to 28 CFR § 36.201 (b) and the Lease between the Defendants DLP has responsibility for complying with the obligations hereunder.

124.     Upon a breach of Defendant DLP's obligation to defend, DLP is additionally liable under the Lease to  132 NINTH  for its reasonable attorneys fees and disbursements incurred by them.

125.     To date, defendant DLP has declined and refused to indemnify  132 NINTH   and to provide a defense to the within action, despite due demand therefor, and is in breach of the said obligations.

126.     By reason of the foregoing, if it is found that the answering Defendant 132 NINTH   is liable, in whole or in part, to the Plaintiff herein, which liability is expressly denied, then the Defendant  132 NINTH   is entitled to indemnification from and against the Defendant DLP, for any judgment or other relief that the Plaintiff may recover against the answering Defendant, in addition to  132 NINTH's

reasonable attorneys fees and disbursements incurred in defense of this action.

## DEMAND FOR TRIAL BY JURY

WHEREFORE, Defendant demands a trial by jury for all claims and issues in this action for which defendant is or may be entitled to a jury trial.

WHEREFORE, Defendant  132 NINTH   respectfully requests that the Court enter judgment in favor of Defendant  132 NINTH  :

A. Dismissing the Complaint in its entirety, and granting the costs and disbursements of this action, or, in the alternative, granting the Defendant  132 NINTH   judgment over and against, and indemnity, from the Defendant DLP, for loss or damage incurred by Defendant 132 NINTH   if any, in connection with the within action; and

B.  That the Court issue an award of counsel fees, costs, and disbursements against the Plaintiff Edwin Zayas; and

C. That the Court issue an award of counsel fees, costs, and disbursements against the Defendant DLP in favor of the Defendant 132 NINTH   by reason of DLP's breach of its duty to defend and indemnify 132 NINTH; and

D. That the Court award the Defendant  132 NINTH   such other relief as the Court may deem appropriate and just.

Dated: February 14, 2017
      New York  NY

    ___/s/ Doreen J. Fischman___
    Respectfully submitted
    Doreen J. Fischman, Esq. (0632)
    Fischman & Fischman
    Attorneys for Defendant NOAM
    Associates, L.L.C.
    305 Broadway STE 201
    New York  NY    10007
    (212) 274-0555
    doreen.fischman@verizon.net

To:

Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel: 646-290-8258
Fax: (646) 435-4376
James@CivilRightsNY.com